IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TERESA MOKA                                                                                                                     PLAINTIFF

v.                                CASE NO. 4:25-cv-00840-KGB

PULASKI COUNTY SPECIAL SCHOOL DISTRICT and
CHARLES McNULTY, Individually and as Superintendent          DEFENDANTS

## MOTION TO DISMISS COMPLAINT FOR
## INSUFFICIENT SERVICE OF PROCESS

Defendants, Pulaski County Special School District ("PCSSD") and Dr. Charles McNulty, in both his individual and official capacities, by their attorneys, Bequette, Billingsley & Kees, P.A., respectfully move this Court to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process.

Plaintiff has failed to effectuate service in compliance with Fed. R. Civ. P. 4(j) and the corresponding provisions of Arkansas law. The proofs of service provided by Plaintiff's counsel in this matter demonstrate that Plaintiff attempted to serve PCSSD by delivering the summons and complaint to Curtis Johnson, Executive Director of Operations, rather than the District's chief executive officer, Superintendent Jeff Senn. *See* attached Exhibit 1. Similarly, Plaintiff attempted service on Defendant McNulty by delivering the same documents to Mr. Johnson, not on Dr. McNulty. *See* attached Exhibit 2. These attempts are legally deficient and warrant dismissal.

**GOVERNING LAW**

Federal Rule of Civil Procedure 4(j)(2) provides:

"A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
(A) delivering a copy of the summons and complaint to its chief executive officer; or
(B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant."

Thus, service upon a governmental entity may be accomplished only by serving its chief executive officer or by complying with applicable state-law requirements.

Arkansas law, specifically Arkansas Rule of Civil Procedure 4(f)(15), governs service on school districts and mandates that "Service on a school district shall be on the president of the board of directors, or the superintendent of schools." For individuals, Federal Rule of Civil Procedure 4(e) applies. It requires service by personal delivery, leaving copies at the individual's dwelling with a suitable resident, or serving an authorized agent. None of these methods were employed here.

## ARGUMENT

### A. Plaintiff Failed to Serve PCSSD Under Fed. R. Civ. P. 4(j)(2).

The proofs of service confirm that the process server delivered the summons and complaint to Curtis Johnson, Executive Director of Operations, at 925 E. Dixon Road. Mr. Johnson is not the District's chief executive officer. The District's chief executive officer is Superintendent Jeff Senn, and Johnson holds no statutory authority to accept service on behalf of PCSSD. Accordingly, service on PCSSD violates Rule 4(j)(2)(A).

### B. Plaintiff Also Failed to Comply with Arkansas Law.

Federal Rule 4 permits service "in the manner prescribed by that state's law." Under Arkansas law, service on a school district must be directed to the superintendent or the president of the board of directors—not a department-level administrator. Plaintiff's attempt to serve the Executive Director of Operations does not satisfy Arkansas statutory requirements. Thus, Plaintiff also fails under Rule 4(j)(2)(B).

### C. Service on Former Superintendent Charles McNulty Was Improper.

The summons directed to Charles McNulty reflects that service was attempted by delivering the papers to Curtis Johnson at the District office on November 17, 2025. McNulty is

no longer employed by PCSSD, and Johnson is neither his agent nor a resident of his dwelling. None of the permissible methods under Rule 4(e) occurred here. Service on McNulty is therefore defective and requires dismissal.

## CONCLUSION

Because Plaintiff failed to serve PCSSD and McNulty in accordance with Federal Rules of Civil Procedure 4(j), 4(e), and Arkansas law, this Court lacks personal jurisdiction over the Defendants. Defendants respectfully request that the Court dismiss the Complaint without prejudice pursuant to Rule 12(b)(5) for insufficient service of process.

Respectfully submitted,

BEQUETTE, BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
Phone: (501) 374-1107
Fax:     (501) 374-5092
Email: jbequette@bbpalaw.com
Email: ckees@bbpalaw.com

By:_____**W. Cody Kees**_____
          Jay Bequette, Ark. Bar No. 87012
          W. Cody Kees, Ark. Bar No. 2012118

*Attorneys for Defendants*