IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

**TERESA MOKA**                                                                                          **PLAINTIFF**

v.                                      Case No. 4:25-cv-840

**PULASKI COUNTY SPECIAL SCHOOL DISTRICT**                       **DEFENDANTS**
and **CHARLES MCNULTY, INDIVIDUALLY** and
as **SUPERINTENDENT**

## THIRD MOTION TO EXTEND SERVICE PERIOD

Come now the plaintiff, by and through undersigned counsel, and states:

1. This is an action for wrongful termination.

2. A case consisting of the same parties and based on the same termination was filed and subsequently voluntarily dismissed in Case No. 4:24-cv-597.

3. On November 14, service was made upon an individual who represented himself to the process server as the Executive Director of Operations of the district.

4. The district has challenged that service as invalid by motion. Though Plaintiff argues that there is an alternative basis to hold the service valid, it does not appear to fall in line with the text of either Federal Rule of Civil Procedure 4 or Arkansas Rule of Civil Procedure 4.

5. The two specific individuals identified by the relevant service rules as proper recipients of process for the district are either the current superintendent, Jeff Senn, or School Board President Stephen Delaney.

6. McNulty has been served.

7. However, the district, in addition to challenging the service that occurred, has made clear that it will not accept informal service or waive service.

8. The current service period expires on January 15.

9. Sending a process server to district offices has resulted in challenged service.

1

10. It seems well within the realm of possibility that further attempts may be marked by an absent superintendent, the process server being told by some functionary who wants him to go away that they can accept service, and the district subsequently relying on the text of the service rules to claim such service is invalid.

11. Given this possibility, as well as the lack of knowledge concerning the daily whereabouts and comings and goings of Senn and Delaney, the best option for a service attempt appears to be a meeting of the school board.

12. The next meeting is set for January 13, 2026, and both individuals would typically be expected to attend.

13. However, if they are absent, or if there is some emergency that requires cancellation of the meeting, etc., there will only be two days remaining in the extended service period.

14. Moreover, if there *is* some late-breaking issue with their attendance at the January meeting, it is reasonably likely that it will still be relevant and hinder service through the end of the service period.

15. Therefore, an extension of time to allow for an attempt on both January 13 and, if necessary, the February meeting set for February 10 is requested.

16. Accordingly, the plaintiff requests that the service period be extended to February 16, 2026, which is the Monday following the elapse of an additional 30 days).

17. Therefore, for good cause shown, additional time in which to effect service is requested.

WHEREFORE, the plaintiffs request additional time in which to accomplish service of process.

Respectfully submitted,

Geoffrey D. Kearney

        Ark. Bar No. 2012304

        The Law Office of Geoffrey D. Kearney, PLLC
        P.O. Box 8276
        Pine Bluff, AR 71611
        P: 870-376-3068
        E: GDK@gdkpllc.com

        Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

This motion has been filed through the Court's online filing system and will therefore be served upon all counsel of record electronically on or about the day of docketing.

        /s/Geoffrey D. Kearney