IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TERESA MOKA                                                                                          PLAINTIFF

v.                                      CASE NO. 4:25-cv-00840-KGB

PULASKI COUNTY SPECIAL SCHOOL DISTRICT and
CHARLES McNULTY, Individually and as Superintendent                  DEFENDANTS

### RESPONSE TO THIRD MOTION TO EXTEND SERVICE PERIOD

Defendants, Pulaski County Special School District ("PCSSD") and Charles McNulty, by their attorneys, Bequette, Billingsley & Kees, P.A., respectfully submit this Response in Opposition to Plaintiff's Third Motion to Extend Service Period ("Third Motion") (ECF Doc. 18). For the reasons set forth herein, Plaintiff's Third Motion should be denied.

Plaintiff seeks a third extension to serve PCSSD. Defendant McNulty has been served and his answer filed. Plaintiff has not demonstrated the diligence required to show "good cause" under Federal Rule of Civil Procedure 4(m) to obtain a third extension to effectuate service on PCSSD. The Eighth Circuit has repeatedly held that "good cause" requires a showing of reasonable diligence. *See Adams v. Allied Signal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996) and *Kurka v. Iowa County*, 628 F.3d 953, 957–58 (8th Cir. 2010).

Plaintiff has had since August 19, 2025, to serve her complaint on PCSSD, but has not. Plaintiff acknowledges in her motion that service on PCSSD must be effectuated by serving the superintendent, Jeff Senn, or school board president, Stephen Delaney. *See* Motion at 5. Plaintiff was employed by PCSSD – she knows how to locate the superintendent. Furthermore, PCSSD has monthly school board meetings open to the public, advertised in advance on its website and typically held the same Tuesday each month, and are attended by both Mr. Senn and Mr. Delaney. Plaintiff even admits the same in her Third Motion. *See* Motion at 11-12. Plaintiff has had ample

opportunity to serve PCSSD with her complaint at previous meetings, or any other time during the standard school work day.

Plaintiff's lack of diligence is particularly striking given the procedural posture of this case. She previously filed an earlier action, Case No. 4:24-cv-00597, involving the same parties and claims. After discovery closed and Defendants filed a motion for summary judgment, Plaintiff moved to voluntarily dismiss that case. Defendants objected because the motion appeared strategically timed to avoid summary judgment. On August 18, 2025, the Court granted the dismissal but expressly warned Plaintiff that Title VII's 90-day limitations period is not tolled by a voluntary nonsuit and that dismissal "operates to leave the parties as if no action had been brought at all." Order, Doc. 28. Notably, in that earlier case, Plaintiff never filed or attached her EEOC Notice of Right-to-Sue letter—an omission that prevented her from establishing that her Title VII claims were timely and properly invoked in the first instance. The Court's warning was therefore not abstract; it was directly tied to Plaintiff's failure to demonstrate compliance with the statutory prerequisites to bring her lawsuit.

On August 19, 2025, just one day after her case was previously dismissed, Plaintiff refiled this action—clearly attempting to salvage her Title VII claims before the limitations period expired. Yet after re-filing to avoid a statute-of-limitations bar, Plaintiff waited nearly the entire 90-day service period before attempting service, and even then, did so improperly. Courts routinely reject such delay and uncertainty as bases for "good cause." *Bryant v. Brooklyn Barbeque Corp.*, 130 F.R.D. 665, 667 (W.D. Mo. 1990) ("Good cause will be found only if plaintiff has been diligent in attempting to serve the complaint."); *see Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012) ("The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Id. (quoting Rahn v. Hawkins,* 464 F.3d 813, 822 (8th Cir. 2006)).

The record reflects no diligence.  Plaintiff made no service efforts for nearly three months after refiling.  Rule 4(m) provides 90 days to serve, yet Plaintiff waited until the end of that period, and only then attempted defective service.  Plaintiff was then given two extensions to serve the Defendants and has still yet to properly serve PCSSD.  Now, Plaintiff claims she intends to serve PCSSD at its upcoming school board meeting, but she fails to explain why she did not attempt service at the four previous monthly school board meeting all held since her complaint was refiled.

Plaintiff had a full 90 days to serve Defendants and two extensions already granted. Additional requests by Plaintiff to extend the time to serve Defendants should be denied.

Respectfully submitted,

BEQUETTE, BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
Phone: (501) 374-1107
Fax:    (501) 374-5092
Email: jbequette@bbpalaw.com
Email: ckees@bbpalaw.com

By:_____**W. Cody Kees**_____
         Jay Bequette, Ark. Bar No. 87012
         W. Cody Kees, Ark. Bar No. 2012118

*Attorneys for Defendants*